# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No.   2:18-cv-1080 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **ELEVEN THOUSAND NINE HUNDRED EIGHTY AND 00/100 DOLLARS ($11,980.00) IN UNITED STATES CURRENCY,** | : | **VERIFIED COMPLAINT FOR FORFEITURE IN REM** |
| | : | |
| Defendant 1, | : | |
| | : | |
| **FOUR THOUSAND AND 00/100 DOLLARS ($4,000.00) IN UNITED STATES CURRENCY,** | : | |
| | : | |
| Defendant 2, | : | |
| | : | |
| **NINE THOUSAND AND 00/100 DOLLARS ($9,000.00) IN UNITED STATES CURRENCY,** | : | |
| | : | |
| Defendant 3, | : | |
| | : | |
| **SEVEN THOUSAND AND 00/100 DOLLARS ($7,000.00) IN UNITED STATES CURRENCY,** | : | |
| | : | |
| Defendant 4, | : | |
| | : | |
| **THREE THOUSAND AND 00/100 DOLLARS ($3,000.00) IN UNITED STATES CURRENCY,** | : | |
| | : | |
| Defendant 5, | : | |
| | : | |
| **THREE THOUSAND AND 00/100 DOLLARS ($3,000.00) IN UNITED STATES CURRENCY,** | : | |
| | : | |
| Defendant 6, | : | |

|  |  |
|---|---|
| **THREE THOUSAND AND 00/100 DOLLARS ($3,000.00) IN UNITED STATES CURRENCY,** | : <br> : <br> : <br> : <br> : |
| **Defendant 7,** | : <br> : |
| **TEN THOUSAND AND 00/100 DOLLARS ($10,000.00) IN UNITED STATES CURRENCY,** | : <br> : <br> : <br> : |
| **Defendant 8,** | : <br> : |
| **THREE THOUSAND FIVE HUNDRED AND 00/100 DOLLARS ($3,500.00) IN UNITED STATES CURRENCY,** | : <br> : <br> : <br> : |
| **Defendant 9,** | : <br> : |
| **and** | : <br> : |
| **NINE THOUSAND AND 00/100 DOLLARS ($9,000.00) IN UNITED STATES CURRENCY,** | : <br> : <br> : <br> : |
| **Defendant 10.** | : |

Plaintiff, United States of America, by its undersigned counsel, alleges the following for its action against the defendants in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

## NATURE OF THE ACTION

1. This is a civil action *in rem* brought to enforce 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture to the United States of:

> Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property.

2

**THE DEFENDANTS IN REM**

2. Defendant 1 is Eleven Thousand Nine Hundred Eighty and 00/100 Dollars ($11,980.00) in United States Currency. On or about April 4, 2018, the United States Postal Inspection Service ("USPIS") seized Defendant 1 from United States Postal Service ("USPS") Priority Express Mail parcel EL105673151US pursuant to a federal search and seizure warrant (Case No. 2:18-mj-294). After seizing Defendant 1, it was deposited into the USPIS Holding Account. The property will be transferred to the Seized Asset Deposit Fund, where it will remain during the pendency of this action.

3. Defendant 2 is Four Thousand and 00/100 Dollars ($4,000.00) in United States Currency. On or about April 4, 2018, the USPIS seized Defendant 2 from USPS Priority Express Mail parcel 9470 1036 9930 0036 6642 57 pursuant to a federal search and seizure warrant (Case No. 2:18-mj-295). After seizing Defendant 2, it was deposited into the USPIS Holding Account. The property will be transferred to the Seized Asset Deposit Fund, where it will remain during the pendency of this action.

4. Defendant 3 is Nine Thousand and 00/100 Dollars ($9,000.00) in United States Currency. On or about April 4, 2018, the USPIS seized Defendant 3 from USPS Priority Express Mail parcel 9470 1036 9930 0036 6642 64 pursuant to a federal search and seizure warrant (Case No. 2:18-mj-296). After seizing Defendant 3, it was deposited into the USPIS Holding Account. The property will be transferred to the Seized Asset Deposit Fund, where it will remain during the pendency of this action.

5. Defendant 4 is Seven Thousand and 00/100 Dollars ($7,000.00) in United States Currency. On or about April 4, 2018, the USPIS seized Defendant 4 from USPS Priority Express Mail parcel 9470 1036 9930 0036 6822 68 pursuant to a federal search and seizure warrant (Case

No. 2:18-mj-301). After seizing Defendant 4, it was deposited into the USPIS Holding Account. The property will be transferred to the Seized Asset Deposit Fund, where it will remain during the pendency of this action.

6. Defendant 5 is Three Thousand and 00/100 Dollars ($3,000.00) in United States Currency. On or about April 4, 2018, the USPIS seized Defendant 5 from USPS Priority Express Mail parcel 9470 1036 9930 0036 6822 44 pursuant to a federal search and seizure warrant (Case No. 2:18-mj-302). After seizing Defendant 5, it was deposited into the USPIS Holding Account. The property will be transferred to the Seized Asset Deposit Fund, where it will remain during the pendency of this action.

7. Defendant 6 is Three Thousand and 00/100 Dollars ($3,000.00) in United States Currency. On or about April 4, 2018, the USPIS seized Defendant 6 from USPS Priority Express Mail parcel 9470 1036 9930 0036 6822 51 pursuant to a federal search and seizure warrant (Case No. 2:18-mj-303). After seizing Defendant 6, it was deposited into the USPIS Holding Account. The property will be transferred to the Seized Asset Deposit Fund, where it will remain during the pendency of this action.

8. Defendant 7 is Three Thousand and 00/100 Dollars ($3,000.00) in United States Currency. On or about April 4, 2018, the USPIS seized Defendant 7 from USPS Priority Express Mail parcel 9470 1036 9930 0036 6822 20 pursuant to a federal search and seizure warrant (Case No. 2:18-mj-304). After seizing Defendant 7, it was deposited into the USPIS Holding Account. The property will be transferred to the Seized Asset Deposit Fund, where it will remain during the pendency of this action.

9. Defendant 8 is Ten Thousand and 00/100 Dollars ($10,000.00) in United States Currency. On or about April 6, 2018, the USPIS seized Defendant 8 from USPS Priority Express

Mail parcel EM062463122US pursuant to a federal search and seizure warrant (Case No. 2:18-mj-311). After seizing Defendant 8, it was deposited into the USPIS Holding Account. The property will be transferred to the Seized Asset Deposit Fund, where it will remain during the pendency of this action.

10. Defendant 9 is Three Thousand Five Hundred and 00/100 Dollars ($3,500.00) in United States Currency. On or about April 6, 2018, the USPIS seized Defendant 9 from USPS Priority Express Mail parcel 9470 1036 9930 0036 7115 17 pursuant to a federal search and seizure warrant (Case No. 2:18-mj-312). After seizing Defendant 9, it was deposited into the USPIS Holding Account. The property will be transferred to the Seized Asset Deposit Fund, where it will remain during the pendency of this action.

11. Defendant 10 is Nine Thousand and 00/100 Dollars ($9,000.00) in United States Currency. On or about April 6, 2018, the USPIS seized Defendant 10 from USPS Priority Express Mail parcel 9470 1036 9930 0036 7115 24 pursuant to a federal search and seizure warrant (Case No. 2:18-mj-313). After seizing Defendant 10, it was deposited into the USPIS Holding Account. The property will be transferred to the Seized Asset Deposit Fund, where it will remain during the pendency of this action.

## JURISDICTION AND VENUE

12. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendants under 18 U.S.C. § 981(a)(1)(A). This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

13. This Court has *in rem* jurisdiction over the defendants under 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern

District of Ohio.

14. Venue is proper in this district under 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio and under 28 U.S.C. § 1395 because the defendants were seized in the Southern District of Ohio.

## BASIS FOR FORFEITURE

15. The defendants are subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) because they constitute property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960 (conducting unlicensed money transmitting business), or are property traceable to such property.

16. Title 18, United States Code, Section 1960 provides, "Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business, shall be [guilty of a crime]." 18 U.S.C. § 1960(a).

17. The term "unlicensed money transmitting business" is defined as "a money transmitting business which affects interstate or foreign commerce in any manner or degree and . . . fails to comply with the money transmitting business registration requirements under section 5330 of title 31, United States Code, or regulations prescribed under such section . . . ." 18 U.S.C. § 1960(b)(1)(B).

18. Title 31, United States Code, Section 5330 provides, in relevant part, that "[a]ny person who owns or controls a money transmitting business shall register the business (whether or not the business is licensed as a money transmitting business in any State) with the Secretary of the Treasury not later than the end of the 180-day period beginning on . . . the date on which the business is established." 31 U.S.C. § 5330(a)(1)(B).

19. "Money transmitting business" is defined as "any business . . . which . . . provides

check cashing, currency exchange, or money transmitting or remittance services . . . or any other person who engages as a business in the transmission of funds, including any person who engages as a business in an informal money transfer system . . . ."  31 U.S.C. § 5330(d)(1)(A).

20. "[T]he term 'money transmitting' includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier . . . ."  18 U.S.C. § 1960(b)(2).

21. Bitcoin is a cryptocurrency, which is a digital or virtual currency, and a payment system.  According to FinCEN's Guidance, "exchangers" of virtual currency are "money transmitters" that are required to register with FinCEN.  *See* Application of FinCEN's Regulations to Persons Administering, Exchanging, or Using Virtual Currencies, FIN-2013-G001, at 3 (Mar. 18, 2013).  "An 'exchanger' is a person engaged as a business in the exchange of virtual currency for real currency, funds, or other virtual currency."  *Id.* at 2.

**FACTS**

22. In or about March 2018, USPIS Postal Inspector Mohamed A. Sabrah ("Inspector Sabrah") identified Kevin Feng ("Feng") as an individual who was sending and receiving numerous parcels at the U.S. Post Office, located at 850 Twin River Drive in Columbus, Ohio. Inspector Sabrah showed a photograph of Feng to Postal employees at the 850 Twin River Drive location, and they immediately recognized Feng as someone who regularly visited the location. They further advised that Feng usually arrived just before closing time and shipped multiple express parcels.

23. Inspector Sabrah determined that Feng used at least two USPS Post Office Boxes at the 850 Twin River Drive location:  (1) PO Box 605 which is registered in Feng's name and (2) PO Box 2015 which is registered in the name of RNG Solutions.  On a Post Office Box

application, dated December 1, 2017, Feng listed himself as the "owner/operator" of RNG Solutions.

24. Prior to his use of PO Box 605 and PO Box 2015, Feng has used PO Box 1385 as a return address for numerous mailing that he has sent.

25. Upon reviewing transaction information for PO Boxes 605 and 2015, Inspector Sabrah noted that although parcels sent by Feng showed his name and PO Box 605 as his return address, he did not appear to receive parcels at PO Box 605. Instead, Feng received mail, addressed to RNG Solutions, at PO Box 2015.

26. On or about March 21, 2018, Inspector Sabrah reviewed records for Feng's USPS "Click N' Ship" account and discovered that since December 2017, there were about 282 outbound transactions associated with the account.

27. Inspector Sabrah also reviewed USPS records for inbound transactions for PO Box 2015 and identified about 70 transactions between December 2017, and April 2018.

28. On or about March 27, 2018, Inspector Sabrah learned that Feng sent USPS Priority Express Mail parcel 9470 1036 9930 0036 5422 96. The parcel was addressed to C.S. in Ellicott City, Maryland, and showed Feng's return address as PO Box 605.

29. On or about March 28, 2018, Inspector Sabrah obtained and executed a federal search and seizure warrant (Case No. 2:18-mj-265) on the parcel. Upon opening the parcel, Inspector Sabrah discovered approximately $2,500.00 in United States currency. There was nothing else in the parcel. In order to maintain the secrecy of the investigation, Inspector Sabrah did not seize the currency. Instead, he resealed the currency in the parcel and placed the parcel back into the mail stream.

30. Inspector Sabrah continued to monitor Feng's mailing activity. Between April 3

and 4, 2018, investigators identified one (1) parcel being received by RNG Solutions at PO Box 2015 and six (6) parcels that were sent by Feng, using PO Box 605 as the return address. The parcels were from and/or destined for a variety of locations around the country.

31. Based on his ongoing investigation, on or about April 4, 2018, Inspector Sabrah obtained and executed seven (7) federal search and seizure warrants for the identified parcels. Upon opening the parcels, Inspector Sabrah located and seized the following:

    a. $11,980.00 in United States currency from USPS Priority Express Mail parcel EL105673151US, addressed to RNG Solutions, PO Box 2015, Columbus, OH from K.C. in Boise, ID (Case No. 2:18-mj-294) (Defendant 1);

    b. $4,000.00 in United States currency from USPS Priority Express Mail parcel 9470 1036 9930 0036 6642 57, addressed to A.G. in Menlo Park, CA from Kevin Feng at PO Box 605, Columbus, OH (Case No. 2:18-mj-295) (Defendant 2);

    c. $9,000.00 in United States currency from USPS Priority Express Mail parcel 9470 1036 9930 0036 6642 64, addressed to A.S. in Captain Cook, HI from Kevin Feng at PO Box 605, Columbus, OH (Case No. 2:18-mj-296) (Defendant 3);

    d. $7,000.00 in United States currency from USPS Priority Express Mail parcel 9470 1036 9930 0036 6822 68, addressed to M.W. in Eugene, OR from Kevin Feng at PO Box 605, Columbus, OH (Case No. 2:18-mj-301) (Defendant 4);

    e. $3,000.00 in United States currency from USPS Priority Express Mail parcel 9470 1036 9930 0036 6822 44, addressed to B.G. in Ashfield, MA from Kevin Feng at PO Box 605, Columbus, OH (Case No. 2:18-mj-302) (Defendant 5);

    f. $3,000.00 in United States currency from USPS Priority Express Mail parcel 9470 1036 9930 0036 6822 51, addressed to C.B. in Portland, OR from Kevin Feng at PO Box 605, Columbus, OH (Case No. 2:18-mj-303) (Defendant 6); and

    g. $3,000.00 in United States currency from USPS Priority Express Mail parcel 9470 1036 9930 0036 6822 20, addressed to B.W. in East Wenatchee, WA from Kevin Feng at PO Box 605, Columbus, OH (Case No. 2:18-mj-304) (Defendant 7).

32.     Later on April 4, 2018, Inspector Sabrah met with Feng at the U.S. Post Office, located at 850 Twin Rivers Drive.   Feng was read his *Miranda* rights, advised that he was free to leave, and advised that he was not under arrest.   Feng verbally confirmed that he understood his rights and agreed to speak to Inspector Sabrah.   Feng stated that he used his Click N' Ship account to mail cash in exchange for Bitcoin.   Feng said that he advertises his services on boards and forums online and advises people about buying and selling Bitcoin.   Feng denied being a dark web user and declined to provide additional information.

33.     On or about April 5, 2018, Inspector Sabrah conducted a search through the U.S. Treasury Financial Crimes Enforcement Network ("FinCEN") Money Services Business Registrant online database (https://www.fincen.gov/msb-registrant-search) to determine if Feng was registered as a money services business.   Inspector Sabrah found that Feng and RNG Solutions were not registered with FinCEN to operate a money transmitting business.

34.     While Inspector Sabrah continued his investigation, he learned that one (1) more parcel had been received by Feng at RNG Solutions' box, PO Box 2015, and two (2) more parcels were sent by Feng using PO Box 605 as the return address.   These parcels also were from and/or destined for a variety of locations around the country.

35.     On or about April 6, 2018, Inspector Sabrah obtained and executed three (3) more federal search and seizure warrants for the additional parcels.   Upon opening the parcels, Inspector Sabrah located and seized the following:

   a.   $10,000.00 in United States currency from USPS Priority Express Mail parcel EM062463122US, addressed to RNG Solutions, PO Box 2015, Columbus, OH from D.H. in East Peoria, IL (Case No. 2:18-mj-311) (Defendant 8);

   b.   $3,500.00 in United States currency from USPS Priority Express Mail parcel 9470 1036 9930 0036 7115 17, addressed to M.W. in Eugene, OR

        from Kevin Feng at PO Box 605, Columbus, OH (Case No. 2:18-mj-312) (Defendant 9); and

    c.    $9,000.00 in United States currency from USPS Priority Express Mail parcel 9470 1036 9930 0036 7115 24, addressed to E.G. in Canoga Park, CA from Kevin Feng at PO Box 605, Columbus, OH (Case No. 2:18-mj-313) (Defendant 10).

36. A canine handler and his trained and certified, drug-detection canine of the Columbus Division of Police K-9 Unit conducted an individual sniff of the ten parcels prior to the search of the parcel and the seizure of each defendant. Each time, the subject parcel was set among similar control parcels, and the canine was allowed to examine all parcels. When the canine examined the subject parcel, the canine reacted in a manner that was indicative of controlled substances. This procedure was followed for each of the ten parcels, and a dog alert was positive for each of the ten parcels.

37. Following the seizures of the defendants, Inspector Sabrah learned that although Feng sometimes used Coinbase, a registered and FDIC insured Bitcoin broker, he often used LocalBitcoins for his business activities. LocalBitcoins offers a platform for people to advertise for Bitcoin exchanges, but it is not a registered money services business.

38. After the seizures, Inspector Sabrah observed that Feng stopped using both PO Box 605 and PO Box 2015.

39. On or about June 21, 2018, Feng, through his attorney, filed a claim with the USPIS, asserting an ownership interest in Defendants 1 through 10. In his claim, Feng asserts that he "engages in the business of buying and selling bitcoin."

40. Based on the forgoing facts, the United States asserts that the defendants are subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(A) because they constitute property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960, that is, the

operation of an unlicensed money transmitting business, or are property traceable to such property.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff respectfully requests that:

(a) pursuant to Rule G(3)(b)(i), Supplemental Rules, the Clerk issue a warrant of arrest *in rem*, directing the United States to arrest and seize the defendants and to retain the same in its custody subject to further order of the Court;

(b) the Court, pursuant to Rule G(4), Supplemental Rules, direct the United States to give notice to all persons and entities having an interest in the defendants to assert, in conformity with the law, a statement of any interest they may have, including notice by publication on the official government website, www.forfeiture.gov, for 30 consecutive days;

(c) the forfeiture of the defendants to the United States be confirmed, enforced, and ordered by the Court;

(d) the Court thereafter order the United States to dispose of the defendants as provided by law; and

(e) the Court award the United States all other relief to which it is entitled, including the costs of this action.

    Respectfully submitted,

    BENJAMIN C. GLASSMAN
    United States Attorney

    s/Deborah D. Grimes
    DEBORAH D. GRIMES (0078698)
    Assistant United States Attorney
    Attorney for Plaintiff
    221 East Fourth Street, Suite 400
    Cincinnati, Ohio 45202
    (513) 684-3711 / Fax (513) 684-6385
    Deborah.Grimes@usdoj.gov

## VERIFICATION

I, Mohamed A. Sabrah, hereby verify and declare under the penalty of perjury that I am a Postal Inspector with the United States Postal Inspection Service, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except those matters stated to be alleged on information and belief and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, and my investigation of this case.

I hereby verify and declare under the penalty of perjury that the foregoing is true and correct.

09/19/2018
Date

MOHAMED A. SABRAH, Postal Inspector
United States Postal Inspection Service

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff  Franklin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Deborah D. Grimes, Assistant United States Attorney
221 E. Fourth Street, Suite 400
Cincinnati, Ohio 45202   (513) 684-3711

## DEFENDANTS
Eleven Thousand Nine Hundred Eighty and 00/100 Dollars ($11,980.00) in United States Currency, et al.

County of Residence of First Listed Defendant  Franklin
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | PERSONAL PROPERTY | LABOR | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | SOCIAL SECURITY | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 791 Employee Retirement Income Security Act | FEDERAL TAX SUITS | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | IMMIGRATION | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | Other: | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A)
Brief description of cause:
Forfeiture

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  9/19/18
SIGNATURE OF ATTORNEY OF RECORD  *[signature: Deborah Grimes]*

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT  _____  APPLYING IFP  _____  JUDGE  _____  MAG. JUDGE  _____